(No. 5185-

R. L. CORTY AND COMPANY, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed January 12, 1965.*

R. L. CORTY AND COMPANY, Claimant, pro se.

WILLIAM G. CLARK, Attorney General; GERALD S. GROBMAN, Assistant Attorney General, for Respondent.

PEZMAN, J.

During the months of February and April, 1963 the State of Illinois, through its Department of Public Works and Buildings, Division of Highways, contracted with R. L.

Corty and Company, a Corporation, claimant in the instant matter, for certain materials and rental equipment. The complaint filed herein alleges that such services and materials were furnished, and that there is now due and owing claimant from respondent the sum of $173.02.

A written stipulation was entered into between claimant and respondent, by their respective attorneys, which in part is as follows:

"R. L. Corty and Company and the State of Illinois, Department of Public Works and Buildings, Division of Highways, entered into an agreement at the special instance and request of said Division of Highways, which instructed R. L. Corty and Company to perform sales, service and rental of equipment, as set forth in the original complaint, marked exhibits Nos. 1 through 4, inclusive.

"The terms of the foregoing agreement and the acceptance thereof by the State are fully set forth in the complaint herein as exhibits Nos. 1 through 8, inclusive.

"R. L. Corty and Company, after fully performing its obligations under the said agreement, rendered and mailed a bill to the State for the sum of $173.26, a true copy of claimant's office copy of which is attached to the complaint filed herein, and marked exhibits Nos. 1 through 4, inclusive.

"The Seventy-second biennium appropriation out of which the bill was payable had lapsed at the time the bill was mailed, and the funds to pay said bill were no longer available to the Division of Highways, and R. L. Corty and Company was so advised by letter, a true copy of which is attached to the complaint herein as exhibit No. 6."

An amendment to the stipulation of facts was later filed in this case, in which it was agreed that the proper amount due claimant was the sum of $171.90. The difference of $1.12 represents sales tax, which the State of Illinois is not obliged to pay.

A report of the Department of Public Works and Buildings, Division of Highways, signed by A. R. Tomlinson, Supervisor of Claims, acknowledges that each of the items in question was purchased by persons having proper authority, and states that no part of the bills have been paid by the Division of Highways, or any other State agency, for

54

the reason that the bills were not presented, scheduled, and processed until after the appropriation for the payment had lapsed. The Departmental Report further points out that, as of September 30, 1963, there was an unobligated balance of sufficient amount in the appropriation from which claimant's invoice could and would have been paid.

This Court has repeatedly held that, where a contract has been (1) properly entered into; (2) services satisfactorily performed, and materials furnished in accordance with such contract; (3) proper charges made therefor; (4) adequate funds were available at the time the contracts were entered into; and, (5) the appropriation for the biennium from which such claim could have been paid had lapsed, it would enter an award for the amount due. *Rockford Memorial Hospital Association, A Corporation,* vs. *State of Illinois,* Case No. 5165, opinion filed September 25, 1964; *American Oil Company, Inc., A Corporation,* vs. *State of Illinois,* Case No. 5109, opinion filed June 26, 1964. It appears that all qualifications for an award have been met in the instant case.

Claimant, R. L. Corty and Company, a Corporation, is, therefore, hereby awarded the sum of $171.90.